IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


BOBBY DWAYNE WILLIAMS                                                                     PLAINTIFF

                    v.                          Civil No. 13-5180

TIM HELDER, Sheriff,
Washington County                                                                          DEFENDANT

### AMENDED REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.

The Plaintiff is currently incarcerated in the Pine Bluff Unit of the Arkansas Department of Correction.  The events that are the subject of this case occurred when the Plaintiff was incarcerated in the Washington County Detention Center (WCDC).  During his incarceration there, Plaintiff maintains his constitutional rights were violated in the following ways: (1) he was denied access to legal materials; (2) he was denied the same privileges as trustees; (3) he was subjected to unconstitutional conditions of confinement; (4) he was forced to pay taxes on commissary items; and (5) his religious rights were violated when a radio was played too loudly during religious services and he was denied access to a "death" book by the Chaplin.  With respect to this last claim, it is the subject of another lawsuit *Williams v. Kelly, et al.*, Civil No. 13-5211.  The claim will be addressed in that case.

The case is currently before me on the Defendants' Motion for Summary Judgment (Doc. 26).  Plaintiff filed a response (Doc. 31) and a supplement to the response (Doc. 33).  Defendants also filed a reply (Doc. 32).  The Motion is ready for decision.

-1-

**1. Background**

Plaintiff was incarcerated in the WCDC from July 9, 2013, until either October of November of 2013. Doc. 28-1, Defendants' Ex. A at pg. 4.[1] During this time, Plaintiff had a § 1983 lawsuit pending against Crawford County, Williams v. Brown, Civil No. 13-2004 (filed 1/8/2013; terminated 3/17/2014). Plaintiff asked for several papers, such as motions, to be notarized in connection with the Crawford County lawsuit. Id. He testified he was never able to get the documents notarized. Id. He wanted these documents notarized for his records. Id. at pg. 5. Plaintiff also asserts that he was not provided access to a law library. Plaintiff has provided as an exhibit a number of requests he made to obtain access to a law library and the efforts he made to obtain a court order directing Defendant to provide him with access. Doc. 31 Plff's Exs. 1-14.

Plaintiff testified that he had several civil lawsuits "thrown out for lateness." Defts' Ex. A at pg. 6. He specifically mentioned a lawsuit he filed over the clothing he received while at the Technical Violator Program. Id. at pgs. 6-9. He testified the case was dismissed because he did not file a timely response to interrogatories or a summary judgment motion. Id. at pg. 9. He prepared the response but never sent it to be filed because he could not get it notarized. Id. at pgs. 9-10.

According to Court records, Plaintiff had the following cases that were either pending during his incarceration at the WCDC or filed during his incarceration at the WCDC; Williams v. Owens, et a., Civil No. 13-2012 (filed 1/15/2013; terminated 1/12/2015); Williams v. Brown, Civil No. 13-2004 (filed 1/8/2013; terminated 3/17/2014); Williams v. Peppas, Civil No. 13-2046 (filed 2/12/2013; dismissed upon motion of the parties on 9/13/2013); Williams v. Brown, et al., Civil No. 13-2176 (filed 7/17/2013; currently pending); Williams v. Willie, Civil No. 13-2188 (filed 8/7/2013;

---

[1]This exhibit contains portions of Plaintiff's deposition. The page references are to the pages of Document 28-1 and not to the deposition page.

terminated 10/24/2013 for failure to state a claim); Williams v. Brown, Civil No. 13-2232 (filed 10/22/2013; terminated 8/7/2014); Williams v. Houston, et al., Civil No. 13-5210 (filed 9/25/2013; terminated 1/16/2014 on grounds the Defendants were immune from suit);[2] Williams v. Trueblood, et al., Civil No. 13-5211 (filed 9/25/2013; currently pending). None of these cases were dismissed on the grounds that Plaintiff failed to respond to a Court order, or failed to respond to a motion, or failed to respond to discovery.

With respect to Sheriff Helder, Plaintiff testified he never spoke to him and wouldn't recognize him if he walked through the door. Defts' Ex. A at pg. 12. Plaintiff named him as a Defendant because he was the person Plaintiff asked to speak to and because he was "over the jail." Id.

### 2. Applicable Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient

---

[2] Plaintiff's Exhibit 15 is the judgment dismissing this case. Doc. 31, Plff's Ex. 15.

evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3.  Discussion

As noted above, Plaintiff has asserted multiple claims.  Defendant has moved for summary judgment on all claims.[3]

**(A).  Denial of Access to Legal Materials and a Notary**

"Inmates undeniably enjoy a constitutional right of access to the courts and the legal system." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996)(*citing*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977)).   In *Myers,* the Eighth Circuit stated that:

> [t]o protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared. Inmates do not have a right, however, either to law libraries or to unlimited stamp allowances for legal mail.   Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts.  To state a claim that a law library or legal assistance program violates this right, inmates must assert that they suffered an actual injury to pending or contemplated legal claims.  Alleging theoretical inadequacies is insufficient. Inmates must instead show, for example, that a complaint that they prepared was dismissed due to a technical requirement that a library's inadequacies prevented them from knowing, or that a library was so inadequate that it prevented them from filing a complaint for actionable harm at all.

*Myers*, 101 F.3d at 544 (citations omitted).

In *Cody v. Weber*, 256 F. 3d 764 (8th Cir. 2001), the Eighth Circuit noted that the Supreme

---

[3] Defendant makes a blanket argument that he is entitled to qualified immunity.  He does not address the constitutional claims separately.  Instead, he makes the broad argument that "[n]o case has held a Sheriff vicariously liable for the actions of his or her employees, when the actions took place outside the presence of the Sheriff." Doc. 27 at pg. 11.  This argument essentially duplicates Defendant's argument that he cannot be held liable in his individual capacity and is addressed below .

Court in *Lewis v. Casey*, 518 U.S. 343 (1996) and *Bounds v. Smith*, 430 U.S. 817 (1977), "determined that the right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend to the right to 'discover grievances' or to 'litigate effectively once in court.'" *Cody*, 256 F. 3d at 767-68 (*quoting Lewis*, 518 U.S. at 354-55).

In this case, Plaintiff's denial of access to the courts claim fails because he has suffered no actual injury. Plaintiff was able to file this civil rights action while incarcerated at the WCDC and has missed no deadlines imposed by the Court. While incarcerated at the WCDC, he had multiple civil actions pending in this Court. None of these cases were dismissed because he failed to file documents with the Court. *See e.g. Klinger v. Department of Corrections*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic). Although "[p]ro se defendants have a right of access to adequate law libraries or adequate assistance from persons trained in the law," *United States v. Knox*, 950 F.2d 516, 519 (8th Cir. 1991)(quotations omitted), the right is not an abstract one and the inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. Merely alleging generally that he was prevented from filing documents because he did not know what arguments to make, has specifically been held to be insufficient to state a claim. *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008)(Hartsfield failed to allege he was prevented from filing a complaint, or a filed complaint was dismissed for lack of legal adequacy. He only roughly and generally asserted that he was prevented from filing because he did not know what arguments to make. This claim is speculative and was properly dismissed).

While "[i]t is indisputable that indigent inmates must be provided at state expense with paper

and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them," *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977), Plaintiff must still establish that he suffered an actual injury. Here, Plaintiff has not alleged any actual injury as a result of the Defendant's failure to provide access to a notary. He does not allege that the court refused to consider any document because the document was not notarized. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996)(no actual injury related to copying and notary services); s*ee also, Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996)("The underlying harm that the Constitution requires . . . legal assistance programs to prevent is . . . a lost, rejected, or impeded legal claim").

As Plaintiff suffered no injury because he was denied access to a library or a notary, this claim fails.

**(B).  Trustee Privileges**

Plaintiff contends his rights are violated because trustees are allowed certain privileges such as watching television shows and movies. First, there is no constitutional right to be a trustee. *See e.g., Inmates, Washington County Jail v. England*, 516 F. Supp. 132, 141 (E.D. Tenn. 1980); *Rosson v. Weatherholz*, 405 F. Supp. 48, 49-50 (W.D. Va. 1975). Second, there is no constitutional right to watch television. *See e.g., Murphy v. Walker*, 51 F.3d 714, 718 n. 8 (7th Cir. 1995)

Third, Plaintiff has not alleged that he is the member of a protected class or that a fundamental right is at issue. The Equal Protection Clause of the Fourteenth Amendment requires that "all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim is stated when a fundamental right has been infringed or a state actor intentionally discriminates against the plaintiff because of membership in a protected class. *See e.g., Purisch v. Tennessee Technological*

*University*, 76 F.3d 1414, 1424 (6th Cir. 1996).

Here, Plaintiff simply believes trustees should not have privileges not afforded to all inmates. Merely treating two groups (general population vs. trustees) differently does not violate the Equal Protection Clause.

### (C). Conditions of Confinement

"The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994)("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same."). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities.

To state an Eighth Amendment claim the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise." *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994)(*quoting, Wilson v. Sieter*, 501 U.S. 294 (1991)).

This standard involves both an objective and subjective component. The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Hudson v. McMillian*, 503 U.S. 1 (1992)(The objective component is "contextual and responsive to contemporary standards of decency.")(quotation omitted). To satisfy the subjective component, an inmate must show that

prison officials had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. (citations omitted). *See also Brown v. Nix*, 33 F.3d 951, 954-55 (8th Cir. 1994).

In this case, Plaintiff complains of overcrowding and uncomfortable living conditions. Specifically, Plaintiff has alleged he was housed in a pod designed to hold 20 inmates but had 22 inmates assigned to it. Plff's Ex. 16. He indicates two inmates had to sleep on the floor and eat on the floor. Id. He asserts the overcrowding resulted in attitude problems. Id. Plaintiff also asserts that "medical inmates" should be housed in medical wards or pods. Id.

Plaintiff does not maintain that he was without a bed or forced to eat on the floor. Even if Plaintiff had been, "extreme deprivations are required to make out a conditions-of-confinement claims. [O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*, 503 U.S. at 9; *Myers v. Hundley* 101 F.3d 542, 544 (8th Cir. 1996); *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989). Plaintiff's claims are clearly insufficient.

**(D). Taxation of Commissary Items**

Inmates have no protected constitutional interest in access to a commissary or in purchasing items at the same price as an individual who is not incarcerated. *See Pagan v. Westchester County*, 2014 WL 982876, *17 (S.D.N.Y. March 12, 2014)(even if Aramark engages in price gouging, no constitutional claim is stated); *Montgomery v. Mancusco*, 2013 WL 4590436 (W.D. La. Aug. 23, 2013)("The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible"); *McKnight v. Taylor*, 2012 WL 5880331 (D.N.J. Nov. 20, 2012)("Prisoners have no federal constitutional right to purchase items from the jail commissary at any particular price, or to restrain the vendor from charging exorbitant

prices"); *Boyd v. Nowack*, 2010 WL 892995, *4 (E.D. La. March 11, 2010)("[A] single commissary operating without competition does not run afoul of the Constitution.

Further, there is no right to be offered commissary items tax free. *See Amost v. Stolzer*, 2014 WL 6473596, *9 (E.D. Mo. Nov. 18, 2014); *Bright v. Thompson*, 2011 WL 2215011, *4 (W.D. Ky. June 6, 2011)(inmate has no federal constitutional right to purchase items from a commissary at a certain price or tax free); *Boyd v. Lasher*, 2010 WL 444778, *2 (E.D. La. Feb. 8, 2010). Defendant is entitled to judgment on this claim.

### (E). Official Capacity Claims

Even assuming a constitutional violation has been found to exist, Defendant maintains there is no basis he may be held liable in his official capacity. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, the official capacity claims are treated as claims against Washington County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

To establish Washington County's liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted). The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir.2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir.2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir.1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were

>personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir.2007).

Id. at 817-18.  There must be a direct casual link between the policy or custom and the alleged constitutional violation.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Here, Plaintiff does not describe any custom, policy, or practice of Washington County and how it operated to deprive him of his federal constitutional rights.  A governmental entity cannot be held liable merely because it employs someone who violates an individual's constitutional rights. *See e.g., L.L. Nelson Enterprises, Inc. v. County of St. Louis, Missouri*, 673 F.3d 799, 811 (8th Cir. 2012)("A municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. A municipality can be liable only if a municipal policy or custom caused a plaintiff to be deprived of a federal right.") (internal quotation marks and citations omitted).  Sheriff Helder is entitled to summary judgment on the official capacity claims.

    **(F).  Individual Capacity Claims against Sheriff Helder**

A claim of deprivation of a constitutional right cannot be based on a respondent superior theory of liability.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "The general responsibility . . . for supervising the operation of a [facility] is not sufficient to establish personal liability." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "[A] bare allegation that someone in supervisory authority has been deliberately indifferent, without any specification of that person's contact in fact with the plaintiff, [or] even an explicit charge of inadequate training or supervision of subordinates, is [not] sufficient to state a [§ 1983] claim." *Id.*; *see also Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

There is no allegation that Sheriff Helder was involved in any of the actions taken by detention center personnel. Plaintiff admits he did not see or speak to Sheriff Helder at any time during his detention at the WCDC. Defendant is entitled to judgment in his favor on the individual capacity claims.

**(4).  Conclusion**

For the reasons stated, I recommend that the Defendant's Motion for Summary Judgment (Doc. 26) be **GRANTED** and this case dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of February, 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE