IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBY DWAYNE WILLIAMS                                                        PLAINTIFF

V.                              CASE NO. 5:13-CV-5180

TIM HELDER, Sheriff, Washington County                                       DEFENDANT

OPINION AND ORDER

Currently before the Court are Defendant Tim Helder's Motion for Summary Judgment (Doc. 26), Brief in Support (Doc. 27), and Statement of Indisputable Material Facts (Doc. 28); Plaintiff Bobby Dwayne Williams' Response (Doc. 31); Defendant's Reply (Doc. 32); Plaintiff's supplement to his Response (Doc. 33); and the Amended Report and Recommendation ("R & R") (Doc. 38) of the Honorable Mark E. Ford, United States Magistrate for the Western District of Arkansas, filed in this case on February 3, 2015, regarding Defendant's Motion. Also before the Court are Plaintiff's Written Objections to the R & R ("Objections") (Doc. 39). The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Plaintiff has raised objections, 28 U.S.C. § 636(b)(1), and finds that Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the Court finds that the R & R should be, and hereby is, **APPROVED** and **ADOPTED IN ITS ENTIRETY**. Defendant's Motion is **GRANTED**.

The R & R identifies four separate claims set forth in Plaintiff's Amended Complaint (Doc. 13), described as follows:

> During his incarceration [at Washington County Detention Center], Plaintiff maintains his constitutional rights were violated in the following ways: (1) he

1

> was denied access to legal materials; (2) he was denied the same privileges as trustees; (3) he was subjected to unconstitutional conditions of confinement; [and] (4) he was forced to pay taxes on commissary items . . . .

(Doc. 38, p. 1).[1] The R & R recommends granting Defendant's Motion for Summary Judgment and dismissing the case with prejudice. *Id.* at 11. Plaintiff raises two objections to the R & R, each of which goes solely to the R & R's discussion of his first claim regarding denial of access to legal materials. *See* Doc. 39, pp. 1-2.

Plaintiff was a party to more than a few lawsuits that were filed or pending during his incarceration at Washington County Detention Center [WCDC]. Doc. 38, p. 2 (collecting cases). The R & R correctly observes that although "Plaintiff testified that he had several civil lawsuits 'thrown out for lateness,'" in fact none of Plaintiff's lawsuits that were pending or filed during his incarceration at WCDC were dismissed "on the grounds that Plaintiff failed to respond to a Court order, or failed to respond to a motion, or failed to respond to discovery." *Id.* at 2-3, 5. This is significant because, as the R & R correctly notes, *id.* at 4-5, "[t]o state a claim that a law library or legal assistance program violates

---

[1] The R & R identifies an additional fifth claim alleging a violation of Plaintiff's religious rights, noting that this claim is the subject of a different lawsuit and explaining that it will be addressed in that other lawsuit. (Doc. 38). This Court observes, by way of clarification, that Plaintiff did not allege any violation of his religious rights in the instant case. *See* Docs. 2, 6-10, 13. Rather, the same Plaintiff alleged a violation of his religious rights at WCDC in the case of *Williams v. Trueblood, et al.*, Case No. 5:13-cv-5211. The confusion appears to have originated with Defendant having mistakenly filed, in the instant case instead of in *Trueblood*, a Motion for Summary Judgment and supporting documents regarding the religious rights claim; the error was quickly realized and that motion was terminated in this case one day after it was filed. *See* Docs. 34-36. The original R & R filed in this case nevertheless addressed the *Trueblood* religious rights claim along with the four claims originating in the instant case. *See* Doc. 37. However, five days later, the Amended R & R was filed, containing the aforementioned explanation and otherwise removing all discussion of the religious rights claim. This Opinion and Order does not address any religious rights claims because none were alleged, no motions are pending in this case regarding them, the final R & R in this case does not reach them, and Plaintiff's Objections in this case do not mention them.

[the right of access to legal materials or legal assistance], inmates must assert that they suffered an *actual injury* to pending or contemplated legal claims," *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (emphasis added).

Plaintiff's first objection states, in its entirety: "This Civil Right's Case is pertaining to 'Defendant, Denying Plaintiff access to Law Library and to Notary.' Furthermore, 'access to have Plaintiff Legal Documents Notarized, For Plaintiff Legal Records, or the Courts, Why Plaintiff Could Not Have Them Notarized?" *Id.* at 1 (emphasis in original) (citing *Myers*, 101 F.3d at 544). Plaintiff's second objection states that "On Document 37[2] of R & R Page 2 Plaintiff have and is Reading over All his Civil Claims. And Object on the Grounds of Defendants having access to See All Plaintiff Claims and Still Had Failed to Notarize Plaintiff Legal Documents." (Doc. 39, p. 1) (emphasis in original). Plaintiff then quotes *Myers*' recognition of inmates' right of access to legal materials and legal assistance. *Id.* at 1-2. This second objection appears to be a reformulation of Plaintiff's first objection.

Both of Plaintiff's objections fail for the same reason: they overlook the requirement of actual injury that is explicitly articulated in *Myers*—the very case on which Plaintiff relies in his objections. Even when viewing the record in the light most favorable to Plaintiff, as must be done on Defendant's Motion for Summary Judgment, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), there are simply no facts in the record that can support a finding that Plaintiff suffered any actual injury to any of his

---

[2] Plaintiff refers here to the original R & R (Doc. 37) rather than the Amended R & R (Doc. 38). The passage in the original R & R to which Plaintiff refers is unchanged in the Amended R & R.

3

pending or contemplated legal claims as a result of having been denied access to a notary or other legal materials while at WCDC. Summary judgment for Defendant is appropriate.

Therefore the Court, being well and sufficiently advised, finds that the R & R (Doc. 38) should be and hereby is **ADOPTED IN ITS ENTIRETY**. Defendant's Motion for Summary Judgment (Doc. 26) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. Judgment will be filed contemporaneously with this Order.

**IT IS SO ORDERED** this 30th day of March, 2015.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE